IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| STACEY JACKSON | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Case No.: SAG-25-00492 |
| v. | * | |
| | * | |
| EXELON BUSINESS SERVICES | * | |
| COMPANY, LLC, *et al.* | * | |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

## <u>MEMORANDUM OPINION</u>

Plaintiff Stacey Jackson ("Plaintiff") brought this action against Valerie E. Brown, Eric Hemmendinger, and Lindsey White (collectively, "the Outside Counsel Defendants"); as well as Exelon Business Services Company, LLC; Exelon Corporation; and Baltimore Gas and Electric Company (collectively, "the Exelon Companies"); and Clifford Glover (together with the Exelon Companies, "the Exelon Defendants," and all together "Defendants") for claims arising out of alleged employment-related retaliation. ECF 1. This Court previously granted the Outside Counsel Defendants' motion to dismiss and granted the Exelon Defendants' motion to dismiss as to Mr. Glover but denied it as to the Exelon Companies. ECF 57, 58. Plaintiff has now filed a Motion for Leave to File a Second Amended Complaint. ECF 62. This Court has reviewed the filings, ECF 63, 64, 65, 66, and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons explained below, Plaintiff's motion will be granted.

## I.  LEGAL STANDARD

Federal Rule of Civil Procedure 15 permits a plaintiff to amend its pleading once as of right within twenty-one days of service of a motion to dismiss. Fed. R. Civ. P. 15(1)(b). A party seeking

to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule requires courts to "freely give leave when justice so requires." *Id.* The Fourth Circuit's policy is "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Accordingly, leave to amend should be denied only if "prejudice, bad faith, or futility" is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509–10 (4th Cir. 1986). Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962). As the Fourth Circuit has stated, a proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.

## II.    DISCUSSION

Defendants do not argue prejudice or bad faith. Rather, they contend that amendment is futile because Plaintiff has failed to rectify the deficiencies that this Court identified in dismissing some of her claims. This Court did not dismiss all of Plaintiff's claims, however, and her proposed Second Amended Complaint includes additional facts regarding the claims that this Court allowed to proceed. Namely, the proposed Second Amended Complaint contains additional facts regarding the Exelon Companies' alleged failure to compensate Plaintiff pursuant to a settlement agreement between Plaintiff and the Exelon Companies. As this Court previously determined, Plaintiff pled viable claims concerning those facts, so the proposed Second Amended Complaint is not futile regardless of whether the additional facts concerning Plaintiff's dismissed claims would render those claims sufficient.

Accordingly, although this procedure is somewhat lacking in efficiency, in this Court's view, the cleanest record will be produced by permitting Plaintiff's Second Amended Complaint to be filed and then allowing Defendants to re-file their arguments in favor of dismissal, if they so

choose, for this Court's substantive consideration under the Federal Rule of Civil Procedure 12(b)(6) standard.

## III.  CONCLUSION

For the reasons stated above, Plaintiff's Motion for Leave to File a Second Amended Complaint, ECF 62, will be granted, permitting the Second Amended Complaint to be docketed. Defendants should respond to the Second Amended Complaint in the ordinary course. A separate Order follows.


Dated: March 26, 2026                              /s/
                                        Stephanie A. Gallagher
                                        United States District Judge