**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
MDD_SAGchambers@mdd.uscourts.gov

September 3, 2026

**LETTER OPINION**

RE: Stacey Jackson v. Exelon Business Services Company, LLC et al.
Civil Case No. SAG-25-0492

Dear Counsel:

This Court has reviewed the pending motions in this case and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated below, it construes Defendants' Amended Answer to the Second Amended Complaint ("Amended Answer"), ECF 87, as a motion for leave to file an amended answer and GRANTS the motion *nunc pro tunc*. It also DENIES Plaintiff's motion to strike the Amended Answer, ECF 91, and DENIES AS MOOT Plaintiff's motion to strike the original answer, ECF 85.

This case was filed in February of 2025 and has not proceeded past the pleading stage, despite this Court's resolution of a multitude of motions. The present dispute began on June 4, 2026, when Defendants filed an Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint, ECF 82. Plaintiff raised no issue with its sufficiency until the deadline for amendment. On that date, June 25, 2026, Plaintiff filed a motion to strike portions of the answer and deem other portions admitted, ECF 85. The parties' efforts to resolve the matter faltered and Defendants filed the Amended Answer on July 9, 2026, ECF 87. Another round of briefing ensued, with Plaintiff seeking to strike the Amended Answer as untimely and deficient, ECF 91, Defendants opposing the motion, ECF 94, and Plaintiff filing a reply, ECF 95.

In pursuing dismissal, Plaintiff focuses on the first sentence of Fed. R. Civ. P. 15(a)(2) while disregarding the import of the second sentence. This Court agrees with Plaintiff that Defendants technically should have filed a motion for leave to file the Amended Answer, because the 21-day window had expired and Plaintiff had declined to provide written consent for amendment. But the second sentence of Rule 15(a)(2) emphasizes that this Court should "freely give leave when justice so requires." Given the early stage of this case and the fact that the Amended Answer addressed some of the alleged deficiencies Plaintiff herself had identified, this Court inevitably would have granted leave for its filing. This Court, of course, could take a formalistic path and require adherence to the first sentence of the rule, dismiss the Amended Answer, and require Defendants to file a motion for leave to amend. Those actions would enmesh this 18-month-old case in at least one more round (and probably two rounds) of motions briefing before it can proceed to discovery. This Court believes, instead, that it is in all parties' interest for this case to make meaningful progress towards eventual resolution on the merits. It will therefore overlook the procedural infraction, construe the Amended Answer as a motion for leave to amend, and grant that motion to permit its filing. *See Doe v. Sisters of Mercy of the Ams. S. Cent. Cmty.,*

*Inc.*, Civ. No. 25-3843, 2026 WL 322665, at *2 (D. Md. Feb. 6, 2026) (granting plaintiff leave to amend complaint *nunc pro tunc* where Court found no prejudice, bad faith, or futility).

Turning to the alleged deficiencies Plaintiff raises in her motion to strike, this Court is unpersuaded that there is any basis to strike the Amended Answer or to order any specific amendment or repleading. Rule 8(b)(1)(B) requires that an answer "admit or deny the allegations asserted against it by an opposing party." Defendants' Amended Answer begins each response with "admitted," "denied," or "admitted in part; denied in part." Those answers fulfill the requirements of the rule.

This Court agrees with Plaintiff that Defendants' repeated assertion that certain allegations "concern litigation related conduct, which is irrelevant to the claims at issue and . . . will not be considered" does not constitute a sufficient basis to deny a factual allegation. This Court does not read Defendants' Amended Answer to deny allegations for that reason. A fairer reading is that Defendants deny the allegation substantively but also believe it to be irrelevant.[1] While Defendants' position on relevance is not necessary to the answer, this Court sees no reason to strike it either. As this Court noted in its earlier opinions, Plaintiff inserted substantial legal argument into her Amended Complaint, which is also not necessary to set forth the "short and plain statement of the claim" required by Rule 8(a)(2). *See, e.g.*, ECF 80 at 9. Were this Court to spend its time flyspecking parties' pleadings for unnecessary statements and requiring their deletion, cases would never proceed to resolution.

Plaintiff also protests Defendants' responses asserting that a paragraph contains "legal conclusions to which no responsive pleading is required." But Defendants did not rest on those statements, also adding, "To the extent a response is required, Defendants deny the allegations." This Court is satisfied with the adequacy of that response to the copious legal content contained within the Amended Complaint.

Finally, Plaintiff contends that Defendants' responses asserting that a given document "speaks for itself" are insufficient. This Court agrees that it would have been better had Defendants more specifically admitted the accuracy of the quoted portions while denying any related characterizations of the documents' content or import. But reading Defendants' responses as a whole, it is evident that they do not contest the quoted portions of the writings—those speak for themselves. Defendants contest, through their express denials, any context or suggested meaning added by the assertions in the Amended Complaint. This Court therefore sees no basis to strike any of Defendants' responses or require their repleading.

Because this Court has allowed filing of the Amended Answer and has adjudicated the motion to strike it, it is also denying Plaintiff's motion to strike the now-superseded original answer.

---

[1] Should this Court's reading be incorrect, and if Defendants have in fact denied factual allegations purely because they believe them irrelevant, then Defendants should seek leave promptly to amend their answer again to admit or deny the substance of the asserted facts. Parties should not make unilateral relevance determinations and permit those determinations to guide whether they admit or deny alleged facts.

This Court concludes with the apt quote from *Farrell v. Pike*, 342 F. Supp. 2d 433, 442 (M.D.N.C. 2004), with which it wholeheartedly agrees. "It would not be productive to encourage a pleading motion practice, except for gross or repetitive violations of the rule. It is best that the parties stand down from a combative posture and move on." *Id.* (citation omitted). The Amended Answer provides ample information regarding the nature of Defendants' positions in this case. A scheduling order will issue, finally allowing discovery in this longstanding case to proceed.

Despite the informal nature of this letter, it constitutes an order of the Court and should be docketed accordingly.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge